[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15329
Non-Argument Calendar

_____

D. C. Docket No. 06-00006-CR-CC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH DEZERN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 15, 2007)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Kenneth Dezern pleaded guilty to three counts of wire fraud, in violation of

18 U.S.C. § 1343, by which he stole large sums of money from his employer to pay his own personal debts. Faced with a guideline range of 24 to 30 months, the district court sentenced Dezern to serve 30 months in prison and ordered him to pay restitution to his former employer in the amount of $282,922.82. On appeal, Dezern argues (1) that his 30-month sentence is unreasonable, and (2) that the district court improperly delegated to the probation officer the task of setting the terms of Dezern's restitution repayment schedule. After reviewing the record and the parties' briefs, we affirm.

## A. Reasonableness

Conceding that the district court correctly calculated his guideline range, Dezern nevertheless argues that the length of his within-guideline sentence is unreasonable. It is unreasonable, Dezern says, because the district court did not sufficiently explain how its decision was influenced by the 18 U.S.C. § 3553(a) factors and did not address the specific concerns he raised during the sentencing hearing. Dezern says that the following circumstances render his sentence unreasonable: (1) the fact that he has a nearly non-existent criminal history; (2) the fact that he has a deep sense of remorse over stealing money from his employer and ruining his employer's business; (3) the fact that he suffers from various physical and mental ailments; (4) the fact that crimes like his are typically

2

prosecuted in state, not federal, court; (5) the fact that similarly situated offenders typically receive sentences more lenient than the one he received; (6) the fact that a 30-month sentence overstates the seriousness of his offense; and (7) the fact that he could pay more restitution if he were not required to serve a prison term.

We review sentences for reasonableness. See United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). "Review for reasonableness is deferential." Id. at 788. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." Id. In reviewing the sentence imposed by the district court, we will "consider the final sentence, in its entirety, in light of the § 3553(a) factors." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) (citing United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005) for the proposition that "[w]e do not apply the reasonableness standard to each individual decision made during the sentencing process; rather, we review the final sentence for reasonableness.")).

Following United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), we held that, in imposing a sentence, the district court must first accurately calculate the defendant's guideline range and must second consider the factors set forth in 18 U.S.C. § 3553(a). See Talley, 431 F.3d at 786. Those factors include

3

(1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence, to protect the public from future crimes of the defendant, and to provide the defendant with needed medical care; (4) the need to avoid unwarranted sentencing disparities among defendants with similar histories who have committed similar conduct; and (5) the kinds of available sentences and the sentencing range. See 18 U.S.C. § 3553(a). However, "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). We have further explained that, "[a]lthough a sentence within the Sentencing Guidelines range will not be considered per se reasonable, 'when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one.'" United States v. Bohannon, 476 F.3d 1246, 1253 (11th Cir. 2007) (quoting Talley, 431 F.3d at 787-88).

The record in this case reveals that: (1) the district court correctly calculated the guideline range of 24 to 30 months; (2) the district court gave due regard to the § 3553(a) factors; and (3) the district court sentenced Dezern within the guideline range. Additionally, we note that the calculated guideline range already accounted

4

for Dezern's minimal criminal history. No allegation has been made that Dezern will receive inadequate medical care in prison. Nor has Dezern provided any support for the assertion in his brief that his sentence is disproportionate to the sentences imposed on other similarly situated offenders. And even assuming that Dezern would be better able to pay restitution to his victims if he were not incarcerated, we recognize that one of the goals of § 3553(a) is to provide just punishment for the crime committed. Just punishment may include the need for imprisonment as well as the need for restitution, especially in a case like this one, where the district court explicitly found that Dezern's conduct — abusing his position of authority and trust by stealing a substantial amount of money from his employer — was "egregious and reprehensible." On this record, we cannot say that Dezern's 30-month sentence is unreasonable.

## B. Restitution Order

Dezern does not challenge on appeal the amount of restitution ordered by the district court. Rather, he makes only an improper-delegation argument, saying that "the district court erred in leaving it to the probation officer to determine Mr. Dezern's ability to pay restitution during Supervised Release." Appellant's Br. at 14 (emphasis added). Dezern relies upon our decision in United States v. Prouty, 303 F.3d 1249 (11th Cir. 2002), for the proposition that "a district court judge may

not delegate the amount of the monthly restitution payment to a Probation Officer." Appellant's Br. at 15 (emphasis added). In his reply brief, Dezern asserts that the district court violated Prouty because it "clearly did delegate the amount of the payment to the probation officer." Appellant's Reply Br. at 3 (emphasis added). We disagree.

Ordinarily, we review a district court's restitution order de novo. See Prouty, 303 F.3d at 1251. But de novo review is not appropriate in this case. That is because the improper-delegation argument Dezern presses on appeal was not made in the district court. There, Dezern objected only to the amount of the court's restitution order and not to the court's alleged delegation of discretion to the probation officer. See R2 at 22-23. So we will review the action said to have been taken by the district court — the allegedly improper delegation of the court's statutory obligation — for plain error. See United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000) ("Where a defendant raises a sentencing argument for the first time on appeal, we review for plain error."). "For this Court to correct plain error: (1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights." Id. (quotation omitted). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation

6

of judicial proceedings." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 545 U.S. 1127 (2005) (quotation omitted).

According to the Mandatory Victim Restitution Act (MVRA), a district court, pursuant to 18 U.S.C. § 3572, "shall . . . specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid." 18 U.S.C. § 3664(f)(2); see also Prouty, 303 F.3d at 1254. "A restitution order may direct the defendant to make a single, lump-sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments." 18 U.S.C. § 3664(f)(3)(A). "If the . . . restitution order . . . permits other than immediate payment, the length of time over which scheduled payments will be made shall be set by the court, but shall be the shortest time in which full payment can reasonably be made." 18 U.S.C. § 3572(d)(2).

Applying these provisions of the MVRA, we have held that the statute imposes an obligation on the district court to set a restitution schedule and to determine the schedule's duration — obligations that the court may not delegate to the probation office. See Prouty, 303 F.3d at 1254-55. In Prouty, the defendant objected to the district court's order that his restitution be paid "immediately" on the ground that he did not have sufficient funds to make such a payment. Id. at

7

1254. The defendant asked the court "to impose a reasonable payment schedule," but the court refused. Id. After the defendant requested the imposition of a payment schedule, the following exchange occurred:

> THE COURT: I will leave that to the discretion of the Probation Office or whoever does that.
> Does that fall within your province?
>
> [PROBATION OFFICER]: When he is released, Your Honor, they do work out payment plans with the defendants.
>
> [DEFENSE COUNSEL]: I don't think the statute allows it to be left. I think the statute says. [sic]
>
> THE COURT: I will tell you what. He will pay what he could pay. That's the reality of it.
>
> [DEFENSE COUNSEL]: That's fair. I just don't want an order hanging out there that he is in default of some judgment or some order. He will obviously pay what he could pay.

Id. (alterations in original). We vacated the district court's restitution order because it required "'immediate' payment with an informal understanding that the probation office shall set a repayment schedule." Id. at 1255. We concluded that such an arrangement was impermissible because it "would in practice defeat the statutory requirement that the court establish any installment schedule." Id.

This case is easily distinguished from Prouty in which the district court declined to set a repayment schedule at all — a course of action flatly forbidden by the MVRA. Here, by contrast, the district court stated twice during the sentencing

8

hearing that, as a condition of his supervised release, Dezern would be required to make monthly payments of $400 to the extent of any unpaid restitution. In addition to its unambiguous oral statements regarding restitution, the district court, days after the sentencing hearing, entered a written judgment that provides in relevant part:

> Restitution totaling $282,922.82 as a condition of supervised release is to be paid at the monthly minimum rate of $400.

(Emphasis added).

And in a separate recitation of the special terms of Dezern's supervised release, the court's judgment went on to state:

> Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision and be paid in monthly installments of $400.00 over a period of 36 months to commence 30 days after the date of this judgment.

(Emphasis added).

Thus, contrary to Dezern's argument on appeal, the record makes clear that the district court did not waver from: (a) its imposition of a repayment schedule, or (b) its imposition of a $400-per-month payment under that schedule. The district court did not leave either of those decisions up to the probation office. Instead, unlike in Prouty, the district court here fully complied with its statutory obligations. First, the court expressly prescribed "in the restitution order the

9

manner in which [$400 payments], and the schedule according to which [monthly during supervised release], the restitution is to be paid." 18 U.S.C. § 3664(f)(2). And second, the court prescribed "the length of time over which scheduled payments will be made [36 months]," something that the statute says "shall be set by the court." 18 U.S.C. § 3572(d)(2). Accordingly, Dezern's reliance on Prouty is misplaced, and we find unpersuasive his argument that the district court delegated to the probation office the judicial task of setting a payment schedule and prescribing its terms.

In support of his argument, Dezern points to one comment made by the district court. After the court imposed the $400-per-month restitution obligation, Dezern's attorney objected to that amount, saying that, given Dezern's likely diminished earning capacity after 30 months in prison, "I think a $400 monthly payment is more than the defendant could possibly pay." Recognizing that Dezern's $400-per-month obligation would not take effect for over two and a half years, and that his attorney's objection was therefore speculative, the district court responded: "Well, I'll leave that [Dezern's ability to pay] to the discretion of the probation officer at that time [upon the vesting of the monthly obligation]." (Emphasis added).

We view the district court's comment as simply acknowledging two

10

commonsense facts. First, that a probation officer — who, unlike a district judge, monitors very closely a defendant serving a term of supervised release — is uniquely positioned to assess a defendant's financial condition at the future date of release from prison (i.e., to gather the appropriate information, to form a considered judgment, and to report to the court the defendant's ability to comply with a monthly restitution obligation at which time the court can adjust the monthly payments pursuant to 18 U.S.C. §3664(k)). Second, that any contemporary assessment about a defendant's likely ability to comply with a future restitution obligation must necessarily be made in the future, not on the date of sentencing over two years before the defendant's monthly obligation begins. In short, we doubt that the comment made by the district court in this case is error under Prouty because the court, despite its passing mention of the word "discretion," did not by that comment delegate to the probation officer any authority to alter either the amount or the duration of the restitution repayment schedule already ordered. And even if error, it is not plain error.

Having reviewed the record and the parties' briefs, we conclude that (1) Dezern's sentence is not unreasonable, and that (2) the district court did not delegate any of its sentencing obligations to the probation officer. Accordingly, Dezern's 30-month sentence is

AFFIRMED.